UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUN 19 P 3: 23

Donald Terrell Rice, # 93507-071,        )    C/A No. 9:06-1741-MBS-GCK
                                          )
                          Petitioner,     )
                                          )
vs.                                       )    Report and Recommendation
                                          )
United States of America, and             )
Terry O'Brien, Warden, USP-Lee,           )
                                          )
                          Respondents.    )



        Petitioner is a federal prisoner, currently incarcerated at USP-Lee, a federal

penitentiary located in Jonesville, Virginia, serving sentences entered by this Court in

Criminal Case Nos. 7:99-902-MBS and 8:00-0474-MBS.   He filed this case pursuant to

28 U.S.C. § 2241 from his current place of confinement in Virginia.   The federal judicial

district in which USP-Lee is located is the Western District of Virginia.

        Although he typed "United States of America" in the blank for "Respondent" on the

first page of the § 2241 form he used, Petitioner also typed "Terry O'Brien, Warden of

USP-Lee" in the other blank on the first page of the § 2241 petition form, directly under the

"Respondent" blank.   Accordingly, the Clerk of Court has been directed to add  Warden

O'Brien as a Respondent in this case.   Warden O'Brien is actually the only proper

Respondent in this case.   It is well settled that a prisoner's custodian (generally, the

warden of the institution where the prison is confined) is the proper respondent in a habeas

corpus action.   See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); Talbot v. State of

Indiana, 226 F.3d 866, 870-71 (7th Cir. 2000)(citing Rule 2(a) and (b) of the Rules

Governing Section 2254 Cases in the United States District Courts); Harris v. Champion,

51 F.3d 901, 906 (10th Cir. 1995).   In Vasquez v. Reno, 233 F.3d 688, 690-91 (1st Cir.

2000), the court found that the Attorney General of the United States was not the proper

respondent for an alien facing imminent deportation by the INS, and commented:

> Although clearly articulating the baseline requirement of jurisdiction over the custodian, the Braden Court provided limited guidance for determining the identity of the custodian in any given case. Other Supreme Court precedents are equally inscrutable on this point. The courts of appeals have been more forthcoming. They have held with echolalic regularity that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. * * * The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court.

Since the United States of America is not the proper respondent in this § 2241

proceeding, the Petition should be dismissed as to this Respondent.

Under established precedent, a § 2241 petition or a § 2254 petition, whether filed

by a state or federal prisoner, must be filed in the judicial district which can acquire *in*

*personam* jurisdiction of a petitioner's custodian. *See* Braden v. 30th Judicial Circuit Court,

410 U.S. 484, 494-500 (1973); Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979); Cox

v. Federal Bureau of Prisons, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981). This Court, a



federal court within the State of South Carolina, cannot obtain *in personam* jurisdiction over

Petitioner's custodian, because, as previously noted, Petitioner's current custodian and the

only proper Respondent in this case is located in the Western District of Virginia, and is

only subject to  to service in that District. *See* Norris v. Georgia, 522 F.2d 1006, 1010-14

& nn. 7-15 (4th Cir. 1975)( "[a]bsent such authorization by a specific federal statute, the

court has 'no blanket authority to enter an order for substituted or personal service outside

of the state in which it is sitting.'"). As a result, this case should be transferred to that court

for further processing.

In light of the absence of jurisdiction for this Court to consider this case, no recommendation on the merits of the Petition is made herein.

## RECOMMENDATION

Accordingly, it is recommended that the United States District Court of South Carolina dismiss this case without prejudice as to Respondent United States of America. It is further recommended that this Court then transfer this case to the United States District Court for the Western District of Virginia.

Petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

June 19 2006
Charleston, South Carolina

3

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard., the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

4