IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Terrell Rice, ) | |
| ) | C/A No. 9:06-1741-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America; and ) | |
| Warden Terry O'Brien, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Donald Terrell Rice is an inmate in custody of the Federal Bureau of Prisons who currently is housed at the United States Penitentiary-Lee County in Jonesville, Virginia. Petitioner, appearing pro se, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the court was without authority to convict him.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On June 19, 2006, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be transferred to the Western District of Virginia, the judicial district in which Petitioner's custodian is located. The Magistrate Judge further recommended that the United States of America be dismissed as a party. Petitioner filed an objection on June 28, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the

Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner objects to the Magistrate Judge's determination that the United States is not a proper party to the within action. Petitioner contends that he has invoked jurisdiction pursuant to 28 U.S.C. § 1407 (multi-district litigation) and 28 U.S.C. § 1333 (admiralty jurisdiction). Assuming that the United States would be a proper party to claims brought under these statutes, any such claims should be asserted in a civil complaint in accordance with the applicable federal rules, rather than in a § 2241 petition. The Magistrate Judge properly found that the Warden is the sole proper Respondent. Petitioner's objection is without merit.

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Accordingly, the United States of America is dismissed as a party. The Clerk is directed to transfer the case to the United States District court for the Western District of Virginia.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 27, 2006